```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
MONIQUE INGRAM,                          :
                    Plaintiff,           :
                                         :      04 Civ. 5918 (DLC)
           -v-                           :
                                         :      OPINION AND ORDER
WARDEN CAROLYN THOMAS and THE CITY OF    :
NEW YORK,                                :
                    Defendants.          :
                                         :
-----------------------------------------X
```

Appearances:

Plaintiff Monique Ingram, pro se

For Defendants:
Anna Nguyen
Assistant Corporation Counsel
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

DENISE COTE, District Judge:

This action, filed on July 14, 2004 pursuant to 42 U.S.C. § 1983, arises from injuries pro se plaintiff Monique Ingram ("Ingram") suffered from a slip-and-fall accident in the showers at Riker's Island in February 2002, when Ingram was incarcerated. The defendants who remain in this lawsuit following a motion to dismiss, Warden Carolyn Thomas ("Thomas") and the City of New York ("City"), filed a motion for summary judgment on June 22, 2007. Finding that Ingram failed to exhaust the administrative grievance procedures within the prison for this complaint, the motion is granted.

BACKGROUND

In July 2004, Ingram filed the present action in the Western District of New York, and it was transferred to this District. In December 2005, Ingram executed an amended complaint ("Amended Complaint"), alleging that the Department of Corrections ("DOC"), the City of New York Corporation Counsel, Thomas, and other individual officers were "responsible for the condemned housing unit" where Ingram had a slip-and-fall accident in the showers on February 8, 2002. Ingram alleged that the floor in the bathroom had caved in and had been covered with a plywood board that "sank in when walked on." She alleged that after she complained about these conditions, "inspectors" closed the housing unit "until all the violations were fixed."

By Opinion dated August 15, 2006, the motion to dismiss filed by the defendants originally named in this action was granted in part. Ingram v. Steel, No. 04 Civ. 5918(DLC), 2006 WL 2349241 (S.D.N.Y. Aug. 15, 2006).[1] Following that decision, the only remaining claim was against the City and Thomas based upon the allegedly unsafe conditions in the shower where Ingram fell.

---

[1] The August 15, 2006 Opinion describes the tortured procedural history of this litigation and the delays that proceeded the full submission of the motion to dismiss.

Following the completion of discovery and various extensions of time, one of which resulted from the fact that Ingram had not apprised the Court of her new address, the City and Thomas filed their motion for summary judgment on June 22, 2007. The defendants' summary judgment papers, which were served on the plaintiff, included a Local Rule 56.2 Notice to Pro Se Litigants Opposing Summary Judgment, which advised Ingram of her burden of submitting evidence to oppose summary judgment.[2] The motion was fully submitted on November 16.[3]

Ingram has opposed summary judgment by submitting two one-paragraph letters dated October 29. One of these letters states that Exhibits A through F provide proof of her slip-and-fall incident and injury. This letter appears to refer to the defendants' exhibits, which are marked with letters A through F. Ingram did not submit any exhibits. She states that she has a witness who is willing to testify on her behalf, but she does not identify this individual. Ingram has not admitted or denied

---

[2] The Court had also advised Ingram of this burden through its Order of August 16, 2006.

[3] By letter dated August 9, the defendants requested that their motion be granted because Ingram had submitted no opposition. By letter dated August 17, 2007, Ingram, having received the August 9 letter at her current New York address, stated that she never received the summary judgment motion because it had been sent to her previous address. Following an Order of August 21, the defendants served their summary judgment papers upon Ingram at her current address. Because their initial service attempt was unsuccessful, the deadline for the plaintiff's opposition was extended to October 19 by an Order of September 19.

the factual assertions in the defendants' Local Rule 56.1 statement.

DISCUSSION

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006). When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings. Fed. R. Civ. P. 56(e); accord Sista, 445 F.3d at 169. Only disputes over material facts, facts that might affect the outcome of the suit under the governing law, will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Under federal law, prisoners may not bring any action with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required even when the relief sought, like money damages, is unavailable through administrative channels. Woodford v. Ngo, 126 S.Ct. 2378, 2382-83 (2006). Where such administrative procedures exist, a plaintiff's failure to exhaust may not be excused except where defendants have forfeited the defense of exhaustion, defendants themselves have inhibited exhaustion, or other "special circumstances" justify the plaintiff's failure to comply with the procedures. Macias v. Zenk, 495 F.3d 37, 41 (2d Cir. 2007).

In Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004), the Second Circuit set forth a three-part inquiry that courts should use when an inmate "plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by" the Prison Litigation Reform Act ("PLRA"). Hemphill, 380 F.3d at 686. First, the court must investigate "whether administrative remedies were in fact available to the prisoner." Macias, 495 F.3d at 41 (citing Hemphill, 380 F.3d at 686). If a court determines that administrative remedies were available, it should

> inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the

5

> defendants' own actions inhibiting the inmate's
> exhaustion of remedies may estop one or more of the
> defendants from raising the plaintiff's failure to
> exhaust as a defense.

Id. (citing Hemphill, 380 F.3d at 386). Finally, if a court finds that administrative remedies were available and that there are no reasons why defendants have forfeited or should be estopped from raising a non-exhaustion defense, "the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." Id. A prisoner must not only exhaust her claims "in a substantive sense by affording corrections officials time and opportunity to address complaints internally," id. at 43 (citation and emphasis omitted), but also must "comply with the system's critical procedural rules," id. at 41 (citing Woodford v. Ngo, 126 S.Ct. 2378, 2387-88 (2006)).

The DOC addresses inmate grievances through its Inmate Grievance Resolution Program, which has a five-step grievance process. First, an inmate must file a grievance with the Inmate Grievance Review Committee ("IGRC"). The IGRC must attempt to resolve the grievance informally within five days. If the grievance is not thereby resolved, the inmate may request a formal hearing, and the IGRC must issue a recommendation within three working days. The inmate may appeal the IGRC's

recommendation to her warden, who is required to render a decision within five working days.  The inmate may appeal the warden's decision to the Central Office Review Committee ("CORC"), which is to render a decision within fifteen working days.  The CORC's decision may be appealed to the Board of Correction, which renders a final decision.  See, e.g., Bligen v. Griffen, 06 Civ. 4400 (LBS), 2007 WL 430427, at *2 (S.D.N.Y. Feb. 8, 2007).  This process applies to grievances that concern facility conditions.  See, e.g., Wesley v. Hardy, No. 05 Civ. 6492 (CM), 2006 WL 3898199, at *3-4 (S.D.N.Y. Dec. 12, 2006).  Thus, administrative remedies were available to Ingram.  She does not contend otherwise.

At her deposition, Ingram testified that she filed an administrative grievance on February 8 or 9, 2002.  She explained that she sent one copy to a prison grievance committee, because "[y]ou have to" do this "first before anything else," and placed another in Thomas's mailbox at the prison.  She also sent a copy to "Deborah Mantell of prisoner's rights," who is not further identified in the deposition testimony the defendants have provided.  On or about February 16, 2002, Ingram went to the prison grievance office to inquire about the grievance and knocked on the door but got no answer.  A corrections officer told her to wait a couple of days to see if something would happen.  Ingram never received a response to

her grievance and did not make any further inquiries regarding it.  Ingram asserted at her deposition that she had a copy of her grievance in her cell, but she never produced this document despite a request from defense counsel.  The DOC has no record of any grievance filed by Ingram regarding facility conditions.

Construed liberally, this evidence does not establish that she exhausted DOC's five-step grievance procedure.  The DOC directive states that if the initial grievance is not informally resolved, an inmate may request a formal hearing.  Ingram does not contend, and no evidence suggests, that she ever requested such a hearing.  She has not exhausted her administrative remedies.  See Arce v. Keane, No. 01 Civ. 2648 (BSJ), 2004 WL 439428, at *2 (S.D.N.Y. Mar. 9, 2004).

Ingram also does not contend, and the evidence does not show, that the defendants waived their exhaustion defense or prevented or discouraged her from requesting a hearing.  She does not contend that any special circumstances exist that would justify her failure to follow the DOC grievance procedures, and the record does not suggest such circumstances.  Because the plaintiff did not exhaust her administrative remedies, her lawsuit must be dismissed.

CONCLUSION

The defendants' motion for summary judgment is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         December 3, 2007

                                    /s/ Denise Cote
                                    ─────────────────────────
                                    DENISE COTE
                                    United States District Judge

COPIES SENT TO:

Anna Nguyen  
Assistant Corporation Counsel  
The City of New York - Law Department  
100 Church Street  
New York, NY 10007

Monique Ingram  
2947 Far Rockaway Blvd.  
Far Rockaway, NY 11691